W. H. BABCOCK, APPELLANT, v. F. A. MAXWELL, RESPONDENT.

[Submitted Oct. 5, 1898.  Decided Oct. 24, 1898.]

*Pleading—Replication— Counterclaim — How Pleaded — Estoppel by Pleading—Assignee for Creditors—Leave to Sue.*

1. PLEADING—*Replication.*—Under the Code of Civil Procedure of 1895, new matter set up in the answer as a defense, and not constituting a counterclaim, is deemed denied without a replication.

2. COUNTERCLAIM.—An answer, in an action of replevin, to the effect that the defendant took possession of the chattels as the assignee of one who had been in possession thereof for a long time, that plaintiff knowingly allowed the defendant to sell the same, and that by reason thereof plaintiff was estopped from maintaining this, does does not state a counterclaim as the same is defined in Section 691, Code of Civil Procedure.

3. SAME—*How Pleaded—Estoppel by Pleading.*—A defendant, to entitle himself to a motion for judgment for want of a reply to a counter-claim, must plead it as such; and he is estopped from asserting that matter which in his answer he denominates "an equitable defense," is in fact a counterclaim.

4. ASSIGNEE FOR CREDITORS—*Leave to Sue.*—One who has been appointed by the court the successor of an assignee of an insolvent, may be sued without leave of court.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by W. H. Babcock against F. A. Maxwell. From a judgment for defendant on the pleadings, plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

The complaint in this action states, in substance, that on October 6, 1895, plaintiff was the owner and possessed of certain lumber in Gallatin county, and that the defendant then and there unlawfully took the same, and converted it to his own use, for which wrong judgment in a sum equal to the value thereof is demanded. The answer contains a denial of each allegation of the complaint, and sets up, "as equitable defense," the following facts:  That in September, 1895, one Wilkinson made an assignment for the benefit of his creditors

to one McClellan; that the assignment was made in all respects under the provisions of Title 3, Part 2, Div. 4, Civil Code, entitled "Assignment for the Benefit of Creditors;" that on September 11, 1895, McClellan took possession of all the property of Wilkinson, among which property were about 70,000 feet of lumber, and that McClellan, as assignee, held the same in his custody until October 3, 1895, when, by order of the judge of the district court of Gallatin county, McClellan was discharged as assignee, and the defendant was then duly appointed as assignee in the place and stead of McClellan, with authority to carry out and complete the trust according to the terms and conditions of the assignment, and that he received all of the estate of Wilkinson which McClellan then held; that thereupon the defendant qualified as assignee, and ever since that time has been acting in the discharge of his trust as assignee. The answer further alleges that the plaintiff "has never at any time made any demand upon the defendant, although he well knew that the defendant was acting as such assignee and officer of said court, but stood by and allowed this defendant as such assignee and receiver of said court, to sell and dispose of all said property, particularly the said 70,000 feet of lumber, more or less, as the property of said Wilkinson, and in pursuance of the trust imposed upon him by the order of said court, and made no demand whatever prior to the bringing of this suit for the said property, or any thereof, upon this defendant; that the doings of this defendant as hereinbefore set forth, in and about the receiving of said property of said Wilkinson from said assignee McClellan, and selling and disposing of the same by the direction of this court in said order contained, are the acts and things, and the only acts and things, of which the plaintiff complains herein." The defendant avers that the conduct of the plaintiff bars and estops him from prosecuting or attempting to maintain this action, and that the plaintiff did not obtain an order of the court to bring the action. The prayer of the answer is that the plaintiff be enjoined from prosecuting this action, or attempting in any way to prosecute it, against the de-

fendant; that the court adjudge that the plaintiff was not entitled to maintain the action, and is estopped to maintain it; and that the plaintiff recover nothing; and that defendant have his costs.

Thereafter, when the cause was called for trial, the defendant asked the court to dispose of the equitable defense raised by defendant's answer, and moved for judgment on the pleadings, upon the grounds "that all the facts in the equitable defense in the defendant's answer are admitted to be true; that said new matter and equitable defense constitutes a complete defense to plaintiff's cause of action; that it is admitted that no order of the court was obtained to bring this action; that the answer of the defendant and the facts admitted show that the plaintiff is estopped to bring this action; that all the material matters set forth in the defendant's equitable defense are admitted to be true."

The court sustained the motion for judgment on the pleadings, and rendered judgment that the plaintiff take nothing by his complaint, and that the defendant go hence without day, and recover his costs. From that judgment plaintiff appeals.

*C. E. Sutton, B. S. Thresher* and *O. L. Bishop,* for Appellant.

*Luce & Luce,* for Respondent.

PIGOTT, J.—1. From the foregoing statement it is manifest that the court, as well as the defendant, treated the so-called "equitable defense" as new matter, not constituting a counterclaim; and it is equally plain that the court rendered judgment upon the ground that the allegation of such new matter must, in the absence of a reply, be taken as true. Such being the theory upon which the motion for judgment was made and sustained, we deem it proper for the present purpose to adopt the view of the court below to the extent of conceding that the affirmative averments of the answer set up new matter constituting a defense. In other words, we do not determine whether the answer contains the statement of

any new matter constituting a defense, but shall treat it, as did the district court, as pleading some material matters in defense, which may not be proved under the denial.

The question first presented is, therefore, must the material allegations of new matter in defense be taken as true unless controverted by a reply? Explicit answer is made by the Code of Civil Procedure. Section 690 prescribes, among other things, that the answer must contain a statement of any new matter constituting a defense or counterclaim. Section 720 is as follows: "Where the answer contains a counterclaim, the plaintiff, if he does not demur, may, within twenty days after service of the answer, reply to the counterclaim. The reply must contain a general or specific denial of each of the material allegations of the counterclaim, controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations of the counterclaim, and also a general denial of all the allegations of the counterclaim not specifically admitted or denied in the reply; and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counterclaim."

Section 722 provides that, if the plaintiff fail to reply or demur to the counterclaim, the defendant shall be entitled to the same relief as a plaintiff upon failure of defendant to demur to or answer the complaint. Section 754 reads as follows: "Each material allegation of the complaint, not controverted by the answer, and each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true. But an allegation of new matter in the answer, to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party."

The sections referred to are quite similar to the provisions of the Code of Civil Procedure of New York upon the same subject. Sections 514 and 522 of the code last named are, so far as pertinent to this question, the same as Sections 720 and

754 of the code of Montana. It is held under these sections of the New York code that a reply is not necessary to form an issue upon new matter pleaded in defense. (*Arthur* v. *Homestead Fire Insurance Co.*, 78 N. Y. 462; *Springer* v. *Bien* (Com. Pl.) 10 N. Y. Supp. 530; *Burke* v. *Thorne*, 44 Barb. 363; *Dambman* v. *Shulting*, 4 Hun. 50; *Argall* v. *Jacobs*, 87 N. Y. 110; *Aryotsinger* v. *Vines*, 82 N. Y. 308.) It may be urged, however, that Sections 721 and 723 of the Code of Civil Procedure of Montana indicate that the legislature intended that an affirmative defense, unless replied to, must be taken as true.

These sections are as follows:  Section 721.  "A reply may contain two or more distinct avoidances of the same defense or counterclaim, but they must be separately stated and numbered."  Section 723.  "The defendant may also demur to the reply, or to a separate traverse to, or avoidance of, a defense or counterclaim, contained in the reply, on the ground that it is insufficient in law upon the face thereof."

But we are satisfied that Section 720, *supra*, prescribes the only conditions permitting a reply, and that Sections 722 and 754, *supra*, declare the effect of a failure to reply, which pleading is not required unless plaintiff desires to interpose a defense to a counterclaim.  Our code omits Section 516 of the Code of Civil Procedure of New York, to the effect that the court may, in its discretion and on defendant's application, direct plaintiff to reply to new matter constituting a defense by way of avoidance, and that in such case the reply and proceedings upon failure to reply are subject to the rules applicable to the case of a counterclaim.  Section 517 of the New York code is identical with Section 721, *supra*, of the Montana code, and was, as to the declaration concerning the contents of a reply to a defense, enacted for the obvious purpose of supplementing Section 516; and it is only by virtue of the provisions of Section 516 that a reply to new matter in avoidance may be filed. (*D llon* v. *Railway Co.*, 46 N. Y. Super. Ct. Rep. 21.) Since in Montana, a reply is not necessary to put in issue the truth or allegations of new matter

constituting a defense, and since, in Montana, the court may not require such reply the provisions of Sections 721 and 723, *supra*, referring to a reply in avoidance of a defense, and to a demurrer by defendant to such avoidance, fail to serve the end attained in New York by similar provisions, which are in *pari materia* with, and exist because of, a statute of that state authorizing the court to direct the filing of a reply to a defense by way of avoidance.

Under the present code of this state, the allegations of new matter in defense are deemed controverted by the plaintiff. The court erred, therefore, in. sustaining the motion upon the grounds therein stated.

2. The defendant contends in this court that the affirmative matter set up in the answer constituted a counterclaim, and that the district court, in the absence of a reply, rightly gave judgment on the pleadings. Plaintiff, on the contrary, insists that a counterclaim was not pleaded. The contention over this question has been earnest, and, on the part of the defendant, somewhat extended.

The answer does not state facts sufficient to. constitute a counterclaim, as defined in Section 691 of the Code of Civil Procedure. Unless the matter alleged, taken by itself, and without reference to the complaint, would, if proved, entitle defendant to judgment against the plaintiff, a counterclaim is not pleaded; that is to say, a counterclaim is a cause of action existing in favor of defendant, and against the plaintiff, and must therefore contain a statement of such facts as would be requisite to the sufficiency of a complaint, and must, in stating a cause of action, be complete within itself. "It must be a cause of action; in other words, the facts must be such that they would constitute the entire matter proper and necessary to be set forth in the complaint or petition, if the defendant had chosen to institute an independent action between himself as plaintiff and the plaintiff as defendant. When a counterclaim is pleaded, the defendant becomes, as far as respects the matters alleged therein, an actor. There are substantially two · simultaneous actions pending between the same

parties, each of whom is at the same time a plaintiff and a defendant. Since the counterclaim states a cause of action, it is to be governed and judged by the rules which apply to the complaint. The facts alleged must be sufficient to constitute a cause of action.'' (Pomeroy's Code Remedies, Section 738; *Wabash etc. Union* v. *James* (Ind. App.) 35 N. E. 919.)

It is apparent that the answer does not state facts sufficient to constitute a cause of action against the plaintiff. Tne plaintiff sued for the conversion of personal property alleged to belong to him. The answer, after a general denial, states that certain lumber was once owned by Wilkinson, who assigned the same with his other assets to McClellan, for the benefit of his creditors; that upon the discharge of McClellan, the defendant was appointed assignee by the judge of the district court, and received and disposed of said property as assignee; that plaintiff did not obtain an order to bring the action; and that plaintiff knowingly stood by and allowed defendant to sell the property, and made no demand therefor before bringing the suit; and that the acts of the defendant so pleaded are the only acts of which the plaintiff complains. Here is nothing which, if proved, would entitle defendant to affirmative relief, unless the dismissal of the complaint and the awarding of costs to him be so considered. Were the defendant receiver of the estate of the insolvent, the omission to obtain leave of court to sue would, even if leave were necessary, be mere matter of defense in bar of the present action; and so with the supposed plea of estoppel. It is, moreover, apparent that the defendant is not the receiver, but is the assignee appointed in the place of the original assignee, and clothed with such powers only as were possessed by his predecessor. Examination of Sections 4510 to 4535 of the Civil Code, which merely regulate common law assignments for the benefit of creditors, and of Sections 950 to 956 of the Code of Civil Procedure, relating to receivers, demonstrates the fact that neither an original assignee nor his successor, as such, is a receiver. These observations as to the character of defendant's trust may not

be pertinent to any question involved in the determination of this appeal. His insistence that he is a receiver has, however, induced us to dispose of the point by a reference to the statutory provisions whereby his contention is confuted.

There is a further and controlling reason why the alleged new matter set up in the answer should not be treated as a counterclaim. It is denominated an "equitable defense," and does not purport to be a counterclaim. Defendant having characterized his pleading as a defense, is bound by the choice he makes, and may not afterwards be heard to assert that it is a counterclaim. (22 Am. & Eng. Ency. Law, 423, and cases there cited.) A counterclaim must be described as such where the question turns upon the want of a reply. "Such a rule is essential to protect a plaintiff from being misled by an answer, and to prevent the snare of a counterclaim lurking under the cover of a supposed defense, and unconsciously admitted by a failure to reply." (*Baker* v. *Hotchkiss*, 97 N. Y. at page 408. See, also, Pomeroy's Code Remedies, Sec. 748, note 1; Boone, Code Pleadings, Sec. 101, and cases there cited in notes.) This rule, which is supported by the decided weight of authority, is both simple and just. The defendant insists, however, that the decision in *Davis* v. *Davis*, 9 Mont. 267, 23 Pac. 715, is conclusive of the case at bar. In that case the only question necessary to be decided was whether an answer stated facts sufficient to constitute either a defense or a counterclaim; but, even if that decision is correct, it cannot control the determination of the question now presented, for the reason that in the Davis case no advantage was sought because of failure to reply, and for the more weighty reason that, under the statutes then in force, all averments of new matter in the answer, whether by way of defense or as constituting a counterclaim, not traversed or avoided by reply, were admitted to be true. Then the plaintiff knew that, by failing to reply, he admitted the truth of all the new matter alleged in the answer. Now he knows that the statement of new matter in defense is deemed controverted or avoided, and that it is necessary to reply only when a counterclaim is set up. "In

all the states but one or two, the plaintiff must reply to a counterclaim, or its averments of fact are admitted to be true. He ought not to be subject to this penalty unless he is told in the most express terms that the pleading is a counterclaim.'' (Pomeroy's Code Remedies, Sec. 748.) In California, where no reply whatever is allowed, the allegations of new matter of defense and of counterclaim are deemed denied or confessed and avoided; and even there it is said that, ''where matters which are proper matters of defense are pleaded as such, we are clear that they should be regarded only as such, notwithstanding a prayer for affirmative relief at the conclusion of the answer. The matters of the cause of complaint must be separately stated as a cause of action against the plaintiff, and not as a defense to the plaintiff's cause of action.'' (*Doyle* v. *Franklin,* 40 Cal. 110; *Brannan* v. *Paty,* 58 Cal. 330; *Carpenter* v. *Hewel,* 67 Cal. 589, 8 Pac. 314.)

The motion for judgment on the pleadings should have been denied. The judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*

HUNT, J., concurs.