[S. F. No. 1372. Department Two.—March 17, 1900.]

FIRST NATIONAL BANK OF SAN JOSE, Respondent, v. WERNER H. MENKE et al., Defendants. H. F. TUCK and J. R. JOHNS, Respondents. R. ROMER, as Assignee for Benefit of Creditors of Werner H. Menke, Appellant.

Assignment for Benefit of Creditors—Rights of Assignee—Transfer in Fraud of Creditors.—An assignment for the benefit of creditors does not pass to the assignee any greater or other rights than those possessed by the debtor; and the assignee has no power or right to maintain an action to recover property previously transferred by the debtor in fraud of his creditors.

Id.—Unverified Chattel Mortgage—Good Faith—Validity against
    Elected Assignee.—An unverified chattel mortgage, made in good
    faith, and not intended to be fraudulent as to creditors, and
    which was valid as between the parties, and as to all others ex-
    cept creditors of the mortgagor and subsequent purchasers and
    encumbrancers of the property in good faith and for value, is
    valid as against an assignee elected by the creditors, after a
    voluntary assignment for the benefit of creditors made by the
    mortgagor to the sheriff.

Id.—Amendment of Code—Assignment to Sheriff—Election of As-
    signee—Constructive Fraud as to Creditors.—The amendment of
    section 3449 of the Civil Code in 1899, so as to require that
    voluntary assignments for the benefit of creditors, shall be made
    in the first instance to the sheriff, and that after the election
    of an assignee by the creditors, the sheriff shall assign to the
    elected assignee the property assigned to him, does not affect
    or alter the rule that the assignee has no authority to sue to
    set aside an unverified chattel mortgage made in good faith,
    and which operates only as a constructive fraud against credi-
    tors by force of the statute.

Id.—Construction of Code—Fraud as to Creditors—"Devolving" of
    Estate in Trust—Operation of Law.—Section 3439 of the Civil
    Code, which makes every transfer, etc., made "with intent to
    delay any creditor," *void as to all creditors* of the debtor, "and
    against any person upon whom the estate devolves in trust for
    the benefit of others than the debtor," only applies to an estate
    so devolving by operation of law upon an assignee in insol-
    vency, without any voluntary act of the owner; and does not
    apply where a voluntary assignment is made for the benefit of
    creditors.

APPEAL from a judgment of the Superior Court of Santa
Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion.

D. W. Burchard, William L. Gill, W. C. Bailey, and N. H.
Castle, for Appellant.

D. W. & C. H. Herrington, for H. F. Tuck and J. R. Johns,
Respondents.

S. F. Leib, for First National Bank of San Jose.

J. H. Campbell, for Werner H. Menke.

COOPER, C.—Prior to December 17, 1896, the defendant,
Menke, executed a note and mortgage to the assignor of plaintiff

upon the wines, machinery, tanks and other personal property of a winery owned by said Menke, in Santa Clara county, and plaintiff was on said day the owner of the said note and mortgage. The defendant, Menke, being on the said day indebted to respondents, Tuck and Johns, for grapes which they had sold to him, executed and delivered to them his note secured by a second mortgage upon the same property. This mortgage was duly acknowledged, was made in good faith, and with no intent to hinder, delay, or defraud any creditor or creditors, but it was not verified by any of the parties thereto as required by the code. After the said notes had been executed and the said mortgages recorded, and on the eighteenth day of January, 1897, the said Menke voluntarily executed to the sheriff of said county an assignment of all his property in trust for the satisfaction of the claims of his creditors under the provisions of the Civil Code.

On the twenty-eighth day of January, 1897, at a meeting of the creditors of said Menke, the appellant, Romer, was elected assignee and duly qualified as such. After the appellant qualified as such assignee, he received a conveyance from said sheriff of the property so assigned to him by said Menke. In the assignment so made to the sheriff the names of the creditors of said Menke were set forth and it was stated that the claims of plaintiff and of respondents were secured by chattel mortgages. On March 6, 1897, the plaintiff commenced this action to foreclose its mortgage, making the appellant, Romer, and the respondents Tuck and Johns defendants. After trial the court filed findings, and judgment was entered directing the said mortgaged property to be sold, and that from the proceeds of the sale the claim of plaintiff be first paid, and then the amount found to be due respondents upon said notes so secured by second mortgage. The defendant Romer has appealed from the judgment. No question is raised as to that part of the decree in favor of plaintiff, and the only point to be here determined is as to whether or not the said mortgage so executed to respondents is void as to appellant. Section 2957 of the Civil Code provides: "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: 1. It is accompanied by the affidavit of all the parties thereto that it is made in

good faith, and without any design to hinder, delay, or defraud creditors; 2. It is acknowledged or proved, certified and recorded, in like manner as grants of real property."

The mortgage of respondents was valid as between the parties, and as to all others except "creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value," and is not attacked by any subsequent purchaser nor encumbrancer, nor by any creditor as such. Does the appellant as assignee have the right to avoid the mortgage as the representative of the creditors? There is no authority given in our statute by which the assignee takes any greater rights in and to the property assigned than the assignor had at the time of the assignment. On the contrary, it is provided by section 3460 of the Civil Code: "An assignee for the benefit of creditors is not to be regarded as a purchaser for value, and has no greater rights than his assignor had in respect to things in action transferred by the assignment."

This section seems to adopt the common-law rule, and under that rule the assignee could not assert any claim to the property which could not have been asserted by the assignor. It is stated in Burrill on Assignments, sixth edition, section 75: "Under the common law of assignments the assignee stands in the place of the assignor, and can assert no claim to property which the assignor might not. The assignment, therefore, does not convey with it to the trustee the title to the property, which the assignor has previously transferred, in fraud of his creditors, for the purpose of hindering, delaying, and defrauding them."

The question is fully considered and the authorities reviewed by this court in Bank in the late case of *Francisco v. Aguirre,* 94 Cal. 182, and it is only necessary here to adopt the reasoning in that case. In the opinion it is said: "Upon the principle that an assignor cannot confer upon his assignee any greater right than he himself had in the property, it is held, in an almost unbroken line of authorities, that, in the absence of any statute giving such power, the assignee cannot maintain an action to recover property that had been conveyed by his assignor in fraud of his creditors. This rule rests upon the ground that the assignee is merely the representative of his assignor, and does not represent the creditors, and that, notwithstanding the assign-

ment, they are not bound to accept its provisions, but may themselves subject such property to the satisfaction of their debts. This right is held by them, not as beneficiaries under the assignment, or by virtue of any of its provisions, but as creditors of the assignor, and wholly independent of its provisions."

It is claimed that the decision in the case cited was made under section 3449 of the Civil Code, as it existed prior to the amendment of 1889, and that the section has been changed so that the decision is not now authority. We think the decision applies to the section and other sections of the Civil Code as they now exist. Under the section, prior to the amendment, the assignor could select his assignee. As it now reads, the assignment must, in the first place, be made to the sheriff of the county in which the assignor resides, and the creditors may, after notice, elect an assignee. The assignment was, prior to the amendment, and is now, a purely voluntary act on the part of the assignor. The law now simply names the person to whom the assignment must be made in case the debtor chooses to make it. Prior to the amendment the person selected by the assignor took only the interest of the assignor in and to the property assigned subject to all liens or encumbrances upon it. Under the statute now the sheriff, as assignee, takes the same interest, no more, no less. Prior to the amendment section 3452 of the Civil Code provided that the assignment "provide for any subsisting liability of the assignor which he might lawfully pay, whether absolute or contingent." The section still contains the same provision. The assignor is authorized to make "an assignment of property in trust for the satisfaction of his creditors," which must be made to the sheriff. After the creditors have elected an assignee, the sheriff is required to assign to such elected assignee "all the property so assigned to him." It, therefore, is evident that the assignee takes only the property voluntarily conveyed by the assignor to the sheriff. There is no reason why the rule should be different, in a case where the assignment is voluntary, simply because the law provides the person to whom the assignment shall be made. It is not claimed that the mortgage to respondents was made with intent to defraud any creditor or creditors, but that it operates as a constructive fraud for the reason that it is void as to creditors by force of the statute. It is claimed that

the transfer to respondents is void under section 3439 of the Civil Code, which is as follows: "Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

If the transfer in this case should be held void as to appellant it would have to be upon the ground that the estate of Menke has devolved upon him in trust for the benefit of creditors. The estate of Menke was granted to appellant and did not "devolve upon him." An estate "devolves" upon another when by operation of law, and without any voluntary act of the previous owner, it passes from one person to another. (*Francisco v. Aguirre, supra.*) Our attention is called to the cases of *Merrill v. Hurlburt*, 63 Cal. 496, *Beamer v. Freeman*, 84 Cal. 556, and *Brown v. Bank of Napa*, 77 Cal. 547. The cases are not in point for the reason that they were all cases where the assignee was acting in insolvency proceedings and the estate devolved upon the assignee by operation of law. In the latter case it is said: "We think that the assignee in insolvency is a person on whom the estate of an insolvent devolves in trust for the benefit of others. Such estate devolves upon the assignee by operation of law under the statutes in relation to insolvents in this state." In the late case of *Ruggles v. Cannedy*, 53 Pac. Rep. 916, since affirmed by this court (Dec. 23, 1899), in Bank, 127 Cal. 290, it is said:

"The failure to observe the well-defined distinction between the powers of the assignee in insolvency who thus represents the creditors, and those of an assignee for the benefit of creditors who is the representative of the assignor, has led to much conflict of authority upon this question. In this state it is held that an assignee for the benefit of creditors may not maintain such an action, but the distinction between such an assignee and the assignee in insolvency is clearly pointed out."

The above case was not decided at the time this appeal was taken. If it had been we must presume that the case never would have been brought here.

The judgment should be affirmed.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Temple, J., McFarland, J.