BROPHY, RESPONDENT, v. DOWNEY ET UX., APPELLANTS.

(No. 1,381.)

(Submitted November 20, 1901.  Decided January 13, 1902.)

*Action on Note Secured by Mortgage—Pleading—Unenforced Security—Defense—Loss of Security—Foreclosure.*

1. Where, in an action on a note, the answer alleges that the note was secured by a real estate mortgage executed at the same time, which has not been foreclosed, such allegation is a defense, and not a counterclaim, and hence a reply is not necessary, under Code of Civil Procedure, Secs. 720-723, 754, requiring a reply to a counterclaim.

2. Where, in an action on a note, defendants allege that the note is secured by a mortgage which has not been foreclosed, the fact that at the commencement of the action plaintiff made an affidavit for attachment, in which he stated that without his fault such security had become worthless, could not affect the action of the court on a motion for nonsuit, where such affidavit was not offered in evidence, nor was its contents proved.

3. Where, in an action on a note, defendants allege that the note is secured by an unforeclosed mortgage, it is irregular to show such defense by cross-examination of plaintiff's witness.

4. Where, in an action on a note, the court had admitted evidence that the note was secured by a mortgage, it was error to refuse to receive evidence that the mortgage was second to another, which had been foreclosed, that the property had been sold, and the time of redemption from such sale had expired.

5. Where a note was secured by a second mortgage, which has become of no value because of foreclosure of the first mortgage and expiration of the time of redemption, the complaint in an action on such note need not refer to such mortgage or loss of security, the action not being to enforce such security under Code of Civil Procedure, Sec. 1290, providing that there shall be but one action to recover a debt secured by mortgage or to enforce such security, which action must be in accord with the provisions of that chapter relating to mortgage foreclosures.

6. Under Code of Civil Procedure, Sec. 1290, regulating actions to foreclose mortgages, and providing for a deficiency judgment after sale of the property, the holder of a note secured by a second mortgage is not required to foreclose during the period of redemption after the first mortgage has been foreclosed and the property sold thereunder, but he may wait till such period has expired and his lien is determined, and then sue on the note.

7. Where, in an action to foreclose a first mortgage, the mortgagee in a second mortgage is made a defendant and defaults, such action does not defeat the right of his assignee of the note to recover thereon after the time to redeem the premises from the foreclosure sale has expired.

8. Where parties are made defendants in a suit to foreclose a mortgage, the complaint alleging that they "have or claim to have some interest in or claim upon said premises, * * * which interest or claims are subsequent to and subject to the lien of the plaintiff's mortgage," and the defendants make default, the effect of a sale of the mortgaged lands under a decree rendered therein, must be confined to liens acquired subsequent to the mortgage.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Patrick J. Brophy against Patrick Downey and wife. From an order granting a new trial after a nonsuit, defendants appeal. Affirmed.

*Mr. Dan Yancey,* for Appellants.

*Mr. M. D. Leehey* and *Messrs. McBride & McBride,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Action by the plaintiff, as assignee, upon a promissory note made by the defendants to J. H. Smith & Co. on December 16, 1891. The complaint states the execution, assignment and non-payment of the note, and judgment is demanded for the amount thereof. The only defense pleaded which need be mentioned is to the effect that the defendants at the time they made the note executed a mortgage on land to secure its payment, and that the mortgage has not been foreclosed. The plaintiff treats the plea as stating facts sufficient to constitute a defense, and we shall assume that it does. No reply was filed. Upon the evidence in behalf of the plaintiff a nonsuit was ordered on the ground that the defense referred to had been established. The court granted a new trial, and the defendants have appealed.

1. The new matter pleaded was in defense and did not constitute a counterclaim. Under the provisions of Sections 720, 721, 722, 723, and 754 of the Code of Civil Procedure, an allegation in the answer of new matter to which a reply was not required was deemed controverted. A reply was required only to allegations constituting a counterclaim; all other new matter was deemed controverted, and hence a reply was not necessary to frame an issue upon a plea setting up an affirmative defense. (*Babcock* v. *Maxwell,* 21 Mont. 507, 54

Pac. 943.) In this respect the pleadings in the case at bar must be tested by these sections. In *Arthur* v. *Homestead Fire Insurance Company,* 78 New York Reports, 462, 34 Am. Rep. 550 (cited in *Babcock* v. *Maxwell, supra*), the rule deduced from similar statutes was said "to be so broad that it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter, not constituting a counterclaim, as fully as though it were alleged in the most perfect manner. For that purpose, evidence admissible under the principles of either law or equity, takes the place of pleading." Of the correctness of this declaration we think there can be no reasonable doubt. It is to be observed that Senate Bill No. 31, entitled "An Act to Amend Sections 720 and 722, Chapter VI, Title VI, Part II, of the Code of Civil Procedure of Montana, relating to pleadings in civil actions," approved February 22, 1899, and found at page 142 of the Session Laws of that year, which amended Sections 720 and 722, *supra,* so that all new matter in an answer must be taken as true unless traversed or confessed and avoided by reply, was passed after the issues in this action were made up and hence is without pertinency.

The plaintiff was therefore entitled to introduce, at the proper time, evidence tending to rebut or avoid any new matter alleged in the answer.

2. At the commencement of the action the plaintiff asserts he sought an attachment under Sections 890 and 891 of the Code of Civil Procedure, and made and filed an affidavit stating, among other things, that the payment of the note had not been secured by any mortgage or lien upon real or personal property, except originally by a certain mortgage upon real estate, which security had, without any act of the plaintiff or any person to whom the security was given, become valueless. He argues that this affidavit tended to prove the worthlessness of the security, and that the nonsuit was therefore erroneous, and the order granting a new trial correct. To dispose of this argument it

is enough to say, that the affidavit was not put in evidence, nor was it offered. There was no evidence with respect to it. Whether it should have been excluded if offered, and what effect, if any, it would have had if received, are matters not here involved.

3. For the sole purpose of establishing the defense referred to, the defendants, on their cross-examination of a witness for the plaintiff, elicited evidence to prove that at the time they made the note they also made a mortgage on land to secure its payment, and that it had not been foreclosed. To the reception of this evidence the plaintiff objected as not proper to be introduced upon cross-examination, and took an exception. The plaintiff then offered evidence to show that the defendants on July 21, 1891, made to one McMonigle a prior mortgage upon the same land to secure payment of a debt owing by them to McMonigle, that the mortgage had been foreclosed by suit to which J. H. Smith & Co., as subsequent lienors, were parties defendant, and that at the decretal sale, which took place some two years before the complaint in the present action was filed, the land was struck off to persons other than the defendants at a price not greater than sufficed to satisfy the McMonigle mort-gage. The defendants objected that the evidence offered was incompetent, irrelevant, immaterial, and not warranted by the issues. The objection was sustained upon the ground that the pleadings did not "justify the introduction of the testimony sought to be introduced," the plaintiff excepting.

The chief contentions of the defendants are, that in an action to recover a personal judgment for a debt, the payment of which was at any time secured by mortgage, the complaint must state that fact and then avoid its effect by appropriate averments showing that the security has become lost or valueless by no act of the plaintiff or those through whom he traces title; that the evidence offered and excluded in this case did not tend to show such loss of security, nor that it had been exhausted; and that the omission of the plaintiff's assignors to enforce their lien in the suit brought to foreclose the McMonigle mortgage, bars the present action. These contentions

are based upon Section 1290 of the Code of Civil Procedure, which reads as follows: "Section 1290. There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due the plaintiff; and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien upon the real estate of such judgment debtor, as in other cases on which execution may be issued. No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action." The plaintiff's position is that the existence of mortgage security is not part of the statement of his cause of action, but is affirmative matter to be pleaded and proved in defense; and that by the sale under decree in the foreclosure suit, his security was lost without act or fault of himself or of his assignors.

No obligation rested upon the plaintiff to state whether or not there was a mortgage. The fact that there was a mortgage in nowise contradicted or disproved any allegation of the complaint; such fact, which was sought to be established as an affirmative defense and not as bearing upon any other issue, was new matter to be proved by the defendants in making out their case, and not (under the practice prevailing in Montana) by cross-examination of the plaintiff's witnesses who had re-

mained silent upon the subject. We do not hold that the admission of the evidence on cross-examination was prejudicial, or an error of sufficient magnitude to warrant an affirmance of the order awarding a new trial; upon this question we express no opinion. But the court, after admitting evidence that payment of the note had been secured by a mortgage which had not been foreclosed, should have received the evidence offered by the plaintiff to show that the land had been sold under a decree foreclosing the prior mortgage to McMonigle, and that the sale exhausted the security.

The evidence offered was both relevant and material. If payment of the debt had been secured by mortgage, and the security had been lost or rendered valueless by the negligent act or other fault of the plaintiff or his assignors, he could not, these facts appearing, maintain the present action. If, however, there had been such a mortgage given, and the security which it afforded had been lost without fault on the part of the plaintiff or his assignors, the action can be maintained. It lies unless payment of the debt was secured by mortgage at the time of its commencement (perhaps it could not be maintained if so secured *pendente lite*) or the security which the mortgage once gave has been lost or rendered nugatory by the act of the plaintiff or his predecessors in interest. Now, the period prescribed by statute for redemption from the foreclosure sale had expired long before this action was begun; and unless redemption was made within the time fixed, the purchaser would, as against the plaintiff, be invested with the title possessed by the mortgagors at the time the prior mortgage was made, and thereby the lien of the plaintiff's subsequent mortgage would be extinguished. In the absence of a redemption, the purchaser was clothed with such title on the day when he could successfully demand a deed from the sheriff. In that event there could be nothing subject to the purported lien of the subsequent mortgage and consequently no equity to foreclosure. Of course, if it should appear that the plaintiff or his assignors had redeemed the property from the sale under the

decree foreclosing the McMonigle mortgage, or that the defendants had either redeemed or acquired title to the property after the sale, a different question would be presented; it does not arise on this appeal. A subsequent mortgagee, as such, has no security within the meaning of Section 1290, *supra,* after the property has been sold under decree foreclosing a superior mortgage and the purchaser has become entitled to a deed, no matter what the actual value of the property may have been or may be. The evidence excluded would tend to establish that the mortgage no longer secured payment of the note.

The next question is, would the evidence offered have proved that the security afforded by the subsequent mortgage had been lost through the fault of the plaintiff or his assignors? We are satisfied it would not, but on the contrary would have shown, *prima facie,* that such loss was without his or their fault:

(a) The subsequent mortgage remained a subsisting lien during the period of redemption, and it may be that the plaintiff could not have maintained an action on the debt alone until the time for redemption expired. But however that may be, he could, within the period, have sued to foreclose his mortgage. Did the law impose upon him the obligation to bring such a suit within the time allowed for redemption, under penalty of losing his right of action for a personal judgment upon the debt? Many reasons might be suggested why the duty did not rest upon him; one is, that in such a suit he would have encountered the previous sale from which a redemption was necessary in order to make his lien of any value. Suffice it to say that he owed no such duty to the mortgagors. He was not bound to redeem, or to sue for the foreclosure of his mortgage within the six months allowed by statute for redemption. We are not aware of any rule which required the plaintiff, as a subsequent mortgagee, to sue whenever the prior mortgagee might choose to do so. (*Savings Bank* v. *Central Market Co.,* 122 Cal. 28, 54 Pac. 273.) We cannot hold that he was so bound without reading into Section 1290, *supra,* a provision

to that effect or construing the mortgage so as to include such a stipulation. We may not do either. The plaintiff's omission to sue did not occasion the loss of the security. The plaintiff was not in fault; he violated no duty which he owed to the mortgagors. The defendants, by failing to pay the McMonigle mortgage so that the plaintiff's mortgage might be enforced against the land, permitted and occasioned the loss. Their fault made the security valueless. The law does not prohibit a personal action when it is rendered necessary by such fault of the mortgagors. Section 1290, *supra*, was adopted from the Code of Civil Procedure of California, and in *Merced Bank* v. *Casaccia*, 103 California Reports, 641, 37 Pacific Reporter, 648, the supreme court of that state says of the enactment: "The obvious purpose of the statute is to compel one who has taken a special lien [by mortgage] to secure his debt to exhaust his security before having recourse to the general assets of the debtor. When he has done this, or when, without his fault, the security has been lost, the policy of the law does not prohibit a personal action." To the same effect are *Savings Bank* v. *Central Market Company, supra; Otto* v. *Long,* 127 California Reports, 471, 59 Pacific Reporter, 895; *Toby* v. *Oregon Pacific Railroad Company,* 98 California Reports, 490, 33 Pacific Reporter, 550; and *Blumberg* v. *Birch,* 99 California Reports, 416, 34 Pacific Reporter, 102, 37 American State Reports, 67.

The decision in *Barbieri* v. *Ramalli,* 84 California Reports, 154, 23 Pacific Reporter, 1086, does not necessarily conflict with the rule which we announce, for, as pointed out in *Otto* v. *Long, supra,* the plaintiff in that case held a third mortgage and brought a personal action to recover the debt, asserting the right to disregard the mortgage because the amount due on the prior mortgages exceeded the value of the securitiy. The prior mortgages had neither been foreclosed nor otherwise satisfied, and the court held, in effect, that so long as the plaintiff had a mortgage lien on real property his action must be the one provided for in a section of the Code of Civil Procedure which corresponds with Section 1290, *supra*. This was saying, in

substance, that a foreclosure and sale is the special mode provided for ascertaining whether the property subject to the lien of a particular mortgage is of value as security,—in other words, whether the mortgage is really a security for the debt. We do not understand, however, that the only mode of ascertaining whether a particular mortgage is of value is by its foreclosure. The statute must receive an interpretation in keeping with its design and spirit, and, being a special restriction of the general right to enforce contracts by means of the usual actions, should never be so construed as to forbid an action not plainly prohibited by its provisions. The view which the defendants would have us take of the section is extremely technical and does violence to its intent. Surely the exhaustion of the security by sale under a prior mortgage or other lien upon the same property, would suffice to show that the subsequent mortgage is without value as security.

Nor is *Largey* v. *Chapman,* 18 Montana Reports, 563, 46 Pacific Reporter, 808, to the contrary of anything decided in this opinion. Largey sued Astle & Chapman to recover judgment for a debt; the defendants by answer alleged that their indebtedness to the plaintiff was secured by a chattel mortgage which had never been foreclosed, and this allegation the plaintiff admitted but contended that, notwithstanding the debt was secured, he could maintain his action upon the debt without seeking to foreclose the chattel mortgage. This court held that Largey could not thus waive the mortgage and consider it as naught, but that, under the pleadings, his only remedy was by an action to foreclose the mortgage.

(b) At the time this action was commenced the mortgage of December 16, 1891, stood upon the records in the name of plaintiff's assignors, who were made parties defendant in the suit to foreclose the McMonigle mortgage, the complaint alleging that they "have or claim to have some interest in or claim upon said premises or some part thereof, as purchasers, mortgagees, judgment creditors or otherwise, which interest or claims are subsequent to and subject to the lien of the plaintiff's mortgage." They did not appear, and the decree declared

the averments of the complaint to be true.  The defendants now insist that the plaintiff's assignors should have set up their mortgage and sought its foreclosure in the former suit and that, having failed to do so, they cannot maintain the present action. This position is manifestly untenable.  The mortgage to the plaintiff's assignors was of record and they were made parties for the purpose of foreclosing their equitable (as distinguished from statutory) right, as subsequent lienors, to redeem.  By making default they admitted the allegation; but if, for example, they had held liens superior to the McMonigle mortgage, the admission of the allegation quoted could not have affected the priority of their liens, for the effect of a sale of mortgaged lands under a decree rendered by default must, under such an allegation as the one quoted, which was not designed to tender an issue as to priority, be confined to liens acquired subsequently to the mortgage.  (*Foval* v. *Benton,* 48 Ill. App. 638; *Frost* v. *Koon,* 30 N. Y. 428; *Brown* v. *Volkening,* 64 N. Y. 76; *Emigrant Industrial Savings Bank* v. *Goldman,* 75 N. Y. 127; *Smith* v. *Roberts,* 91 N. Y. 470; *Sichler* v. *Look,* 93 Cal. 600, 29 Pac. 220.)  In such a suit the inferior lienors may, if they see fit to do so, appear and obtain a decree of foreclosure, and so the plaintiff's assignors might, as subsequent mortgagees, have sought a foreclosure in the suit upon the McMonigle mortgage,—but they were not bound to do so, and the omission has not deprived the plaintiff of the right to maintain this action.  (*Savings Bank* v. *Central Market Co.,* *supra.*) We cannot approve the course of reasoning or the result in *Brown* v. *Willis,* 67 California Reports, 255, 7 Pacific Reporter, 682, as we think both are demonstrably erroneous.

As the order granting a new trial must be affirmed for the reasons stated, we deem it unnecessary to express an opinion with respect to the force or effect upon Section 1290, *supra,* of Section 3754 of the Civil Code, providing that "the existence of a lien, as security for the performance of an obligation, does not affect the right of the creditor to enforce the obligation

without regard to the lien." Whether this section modifies Section 1290 is a question reserved.

The order granting a new trial is affirmed. Let *remittitur* issue forthwith.

*Affirmed.*