BABCOCK, Respondent, v. MAXWELL, Appellant.

(No. 1,672.)

(Submitted October 13, 1903.    Decided October 26, 1903.

*Pleading—Counterclaim — Replication—Necessity — Assignment for Benefit of Creditors—Rights of Assignee—Appeal —Harmless Error.*

1.  In an action for the conversion of lumber, an answer that defendant claimed the property as assignee for the creditors of the original owner, and that plaintiff never made any demand on defendant, but stood by, with knowledge of defendant's claim, and allowed and induced defendant to sell the property as assignee, did not state a counterclaim.
2.  Under Civil Code, Section 4521, providing that an assignee for the benefit of creditors is not to be regarded as a purchaser for value, and has no greater rights than his assignor has, in respect to things in action transferred by the assignment, the assignee cannot attack a previous transfer by the assignor as in fraud of creditors.
3.  Under Laws of 1899, p. 152, requiring a replication to all new matter alleged in the answer, plaintiff may have judgment without a replication if the new matter states no defense, or only such as might have been raised under a general denial contained in the answer.
4.  A transfer by a debtor of property not accompanied by change of possession is not void as against the assignee for the benefit of the debtor's creditors, under Civil Code, Section 4491, declaring such transfer void as against any one on whom the debtor's estate "devolves" in trust for the benefit of others, as the estate does not "devolve" by such assignment, but is granted by it.
5.  That a verdict is contrary to instructions which were inapplicable is not ground for reversal.
6.  In an action for the conversion of lumber, defendant, having alleged that he claimed as assignee for the creditors of the original owner, could not interpose the defense that he was a creditor of the assignor.
7.  A verdict on conflicting evidence will not be disturbed on appeal.
8.  . In an action for the conversion of lumber, a witness for plaintiff testified that the lumber was turned over to him as plaintiff's agent by the original owner, and, in testifying, stated that a memorandum he then held in his hand showed the total amount received by him, that the different amounts were figured thereon, and that it was a correct statement of the amount of pieces and sizes of lumber. *Held,* that any error in admitting the memo-

randum in evidence was harmless, since, if it had been excluded, witness would have been entitled to refer to it, and state the amount of lumber turned over to him.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by W. H. Babcock against F. A. Maxwell. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. John A. Luce,* for Appellant.

*Mr. B. S. Thresher,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

Action for the alleged conversion of lumber. To plaintiff's complaint, defendant filed an amended answer, denying generally all the allegations thereof. He then alleged as new matter, "by way of counterclaim," as is stated in the answer, that defendant claimed the property as assignee for the benefit of creditors of the original owner; that the plaintiff never made any demand upon defendant; that plaintiff stood by, with knowledge of defendant's claim, and allowed and induced defendant to sell the property as assignee; that, if there ever was any purchase by plaintiff, the same was in fraud of creditors, and void. All these matters are alleged as one counterclaim, although the answer setting them forth is divided into paragraphs which are severally numbered. No replication was filed to this amended answer.

The suit was instituted by the filing of a complaint in May, 1896. At the date of filing the original answer the statute only required a reply to a counterclaim. The first answer filed set up many of the facts pleaded in the amended answer, not by way of counterclaim, but by way of "equitable defense." The allegations of additional matter in the amended answer are of identically the same purport. Judgment on the pleadings was entered in the court below in favor of defendant on his first an-

swer, but on appeal the supreme court reversed such judgment, and held that defendant, not having pleaded the facts as a counterclaim, was bound by the designation he had given the allegations in his answer (*i. e.* an "equitable defense"), and that a replication was not necessary. (*Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943.) The legislature at the session of 1899 amended the section of the statute relative to replications, and required a replication to all new matters alleged in the answer. (Laws of 1899, p. 142.) Subsequent to the passage of this amendatory act, and on May 23, 1899, defendant filed an amended answer, and pleaded this new matter as a counterclaim. The new matter pleaded in the amended answer is not sufficient to constitute a counterclaim, under the rules laid down on the former appeal. (*Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943.)

1. Did the facts alleged as a counterclaim constitute a defense to the cause of action ? The assignment set forth in the amended answer, under which the defendant claims, was one made for the benefit of creditors, pursuant to the provisions of Section 4510 *et seq.,* Civil Code. By this instrument defendant became the owner only of such property and rights as the assignor had at the time the assignment was made. If the assignor, prior to the execution thereof, had parted with any property or rights, by a transaction binding upon himself, the defendant was equally bound thereby. He became merely the agent of the assignor for the purpose of distributing the property which passed to him by the assignment among the creditors of the assignor.

Section 4521, Civil Code, provides, "An assignee for the benefit of creditors is not to be regarded as a purchaser for value, and has no greater rights than his assignor has, in respect to things in action, transferred by the assignment." The Supreme Court of California, in the case of *First Nat'l Bank* v. *Menke,* 128 Cal. 103, 60 Pac. 675, in considering Section 3460, Civil Code of California, which is identical with our Section 4521, above quoted, says: "This section seems to adopt the common-

law rule, and under that rule the assignee could not assert any claim to the property which could not have been asserted by the assignor." The assignee therefore "stands in the shoes" of the assignor, and cannot attack any previous transaction of the assignor, unless the assignor could have done so, and then only for the same causes.

Creditors' rights to maintain suits against the assignor to set aside his previous transactions, on the ground of fraud as against them, belong to them, and not to the assignor, and he therefore cannot assign or transfer the same. An assignee does not become clothed, by virtue of an assignment, in the absence of a statute so providing, with the power or right to question previous transfers of the assignor, on the ground of fraud as against creditors. The following authorities are conclusive on this proposition: *Housel* v. *Cremer,* 13 Neb. 298, 14 N. W. 398; *Rumsey* v. *Town* (C. C.), 20 Fed. 558; *Estabrook* v. *Messersmith,* 18 Wis. 551; *Hawks* v. *Pritzlaff,* 51 Wis. 160, 7 N. W. 303; *Warner* v. *Jaffray,* 96 N. Y. 248, 48 Am. Rep. 616; *Flower* v. *Cornish,* 25 Minn. 473; *Bouton* v. *Dement,* 123 Ill. 142, 14 N. E. 62; *Brown* v. *Deford,* 83 Md. 297, 34 Atl. 788; *Francisco* v. *Aguirre,* 94 Cal. 180, 29 Pac. 495; *First Nat'l Bank* v. *Menke,* 128 Cal. 103, 60 Pac. 675.

It must be remembered that defendant only seeks, by the new matter alleged in the answer, to interject the question as to whether the alleged transfer from Wilkinson to Babcock was fraudulent and void as to creditors. We have seen that he cannot raise any such question. Therefore the allegations amounted to nothing more in the case than mere waste paper, and the plaintiff might have admitted them all to be true, and yet be entitled to recover. Again, it appears that plaintiff alleged his title generally, and that defendant's answer contained a general denial. Under the decisions of *Gallick* v. *Bordeaux,* 22 Mont. 470, 56 Pac. 961, and *Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884, the defendant could have given in evidence under such denial facts constituting any legal defense, and therefore the allegations of the new matter in the answer, *if by way of defense,* would have been mere redundancy.

2. The defendant insists that, by Section 4491 of the Civil Code, any transfer by Wilkinson to Babcock, if "not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred," is fraudulent and void as against Wilkinson's creditors, and against any person on whom his estate "devolved in trust for the benefit of others than himself." His counsel insists that defendant is a person on whom the estate of Wilkinson "devolved in trust for the benefit of others than himself." The Supreme Court of California has had the same question before it in the case of *Francisco* v. *Aguirre,* 94 Cal. 180, 29 Pac. 495, and *First Nat'l Bank* v. *Menke;* 128 Cal. 103, 60 Pac. 675, and, in our judgment, conclusively settled the matter adverse to defendant's contentions. In *Francisco* v. *Aguirre, supra,* in construing the section of the California Civil Code which is identical with our Section 4491, the court says: "An estate is said to 'devolve' upon another when by operation of law, and without any voluntary act of the previous owner, it passes from one person to another; but it does not devolve *from* one person to another as the result of some positive act or agreement between them. The word is itself of intransitive signification, and does not include the result of an act which is intended to produce a particular effect. It implies a result without the intervention of any voluntary actor. Instances of its appropriate use are found when speaking of the succession of estates upon death, or upon a change of official incumbents,; also in proceedings in bankruptcy or insolvency, where by the act or operation of law the estate of the bankrupt devolves upon his assignee." In the case of *First Nat'l Bank* v. *Menke, supra,* the same court, in construing the section of the California Code identical with our Section 4490, says: "If the transfer in this case should be held void as to appellant, it would have to be upon the ground that the estate of Menke has devolved upon him in trust for the benefit of creditors. The estate of Menke was granted to appellant, and did not 'devolve upon him.' An estate 'devolves' upon another when by operation of law, and without any voluntary act of the previous owner, it passes from

one person to another." We adopt these decisions as stating the proper construction of our Sections 4490 and 4491.

The court below, in its charge to the jury, gave instructions Nos. 6, 7, 8 and 9, applying the provisions of Section 4491 to the case, and defendant now urges that the verdict is against these instructions. From the foregoing it will appear that Section 4491 had no applicability to this case at all, and therefore it must follow that these instructions given by the court were also inapplicable, and we do not feel that it is the duty of this court to reverse a case because the court below gave inapplicable instructions which were not followed by the jury.

3. Defendant further claims that he was a creditor of Wilkinson. It is sufficient to say in regard to this contention that he did not make his defense as a creditor of Wilkinson, and did not allege any facts in his answer tending to show such condition. He based his entire defense, in so far, at least, as the new matter is concerned, upon the proposition that the alleged transfer by Wilkinson to Babcock was fraudulent as against creditors, and that he, as assignee for the benefit of creditors, stood in their place, and could make that defense. Again, the only evidence that defendant was a creditor of Wilkinson is found in the assignment executed by Wilkinson. This would not be sufficient proof to warrant a jury in finding him such creditor, and was not introduced for that purpose.

4. Defendant further urges that the evidence was insufficient to justify the verdict, in certain particulars. The following rule has been announced by this court upon questions of this character: "The credibility and weight to be given to the testimony of witnesses is a question exclusively within the province of the jury, and the appellate court, in case of substantial conflict, has no power to disturb the findings thereon. This court cannot try the case *de novo,* and thus invade the province of the trial court by passing upon disputed questions of fact and the credibility of witnesses." (*Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642, citing numerous Montana cases.

It must be remembered that the principal question for trial before the court below was whether the plaintiff was the owner of the property. The record discloses that the plaintiff sold to Wilkinson a certain sawmill, tools, and appurtenances for the price of $3,000 ; that Wilkinson went into the possession of the mill, and that he had sawed prior to the 11th day of September, 1895, over 300,000 feet of lumber. The contract provided that, in case he failed to make payment of the purchase price in accordance with the terms of the contract, the mill should revert to Babcock, who should be entitled to one-third of all the lumber sawed, as the reasonable rental of the mill. Wilkinson failed to pay for the mill according to the contract. On the 11th day of September, 1895, Babcock sent one Howard Stone to the mill to take possession of all the lumber then on hand. Stone had been appointed Babcock's agent by an indorsement on the original contract at the time it was executed. Stone testifies that he went to the mill, and that Wilkinson turned over to him, as Babcock's agent, the lumber in question in this suit. This Wilkinson denies. So that upon the main point in issue there is a substantial conflict of testimony.

5.    Counsel further alleges that the court erred in allowing Exhibit B to be read to the jury. Exhibit B was merely a list of the property which witness Stone testified was turned over to him, as agent for Babcock, on the 11th day of September. Stone testified: "The memoranda I have in my hand shows the total amount I received. [Plaintiff's Exhibit B.] I do not know as the total amount is added up. I think not. The different amounts are figured up here, I believe. This is a correct statement of the amount of pieces and sizes of lumber." If it was error to admit this exhibit in evidence, it was without injury to defendant. The witness was on the stand, and, if the exhibit had been excluded, might properly have refreshed his memory, and given in detail the different pieces of lumber turned over, and the size of each piece. This would have only delayed the trial, without affecting the result, and we cannot reverse the case on such alleged error.

There is no merit in the other errors assigned and argued. We therefore advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order appealed from are affirmed.

MR. JUSTICE HOLLOWAY, being disqualified, takes no part in this decision.