[S. F. No. 2093.   In Bank.—February 16, 1900.]

## HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. R. S. THORNTON, Executor, etc., Respondent.

ACTION UPON NOTE—RECITAL OF MORTGAGE IN NOTE—PLEADING—PRIMA FACIE EVIDENCE—NONSUIT.—In an action upon a note which contains a recital that it is secured by mortgage, though such recital may not be sufficient as a statement of fact in a pleading, yet when the note was offered in evidence, the recital became *prima facie* evidence of the fact stated, and a nonsuit was properly granted, upon the ground that the note was secured by mortgage, and that no action was brought to foreclose it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, for Appellant.

B. B. Newman, for Respondent.

GAROUTTE, J.—This is an action brought upon a promissory note.   Plaintiff having introduced the note in evidence and rested, a motion for a nonsuit was made by defendant and granted, whereupon plaintiff appeals.

The motion for a nonsuit was made and granted upon the ground that the promissory note upon which the action was brought was secured by a mortgage, and that no action was brought to foreclose the mortgage.   It is now insisted by plaintiff that there is no evidence in the record showing the note to have been secured by a mortgage.   The note was introduced in evidence, and among other matters it recited: "And if default be made in the payment of the principal sum, as above provided, it shall bear interest thereafter until paid at the rate of two per cent per month.   This note secured by a mortgage of even date herewith."   Upon a previous appeal in this case (*Hibernia Sav. etc. Soc. v. Thornton*, 117 Cal. 481) it was held that the complaint contained no allegation that the promissory note was secured by a mortgage.   The complaint at that time was the

same as we have in this record, and contained in the body thereof a copy of the note.  Upon that appeal the court said: "There is, however, no averment in the complaint that the note was secured by a mortgage, and the recital to that effect in the note cannot, as matter of pleading, be treated as the equivalent of such averment.  It is only by inference or argument from this recital that it can be assumed that a mortgage was ever executed, and the rule is as much in force under the code as at common law that argumentative pleading is not permissible."

Plaintiff now rests this appeal upon the construction of the pleading declared by the foregoing language.  But a material difference at once presents itself between the case at bar and the case presented upon the previous appeal.  The court, upon that appeal, was dealing with the pleading as such, while upon this appeal it is dealing with the evidence as such.  While the recital, "this note secured by a mortgage of even date herewith," may not be sufficient as a statement of fact, viewed from the standpoint of a good pleading, still that recital may be sufficient evidence *prima facie* to establish the fact as matter of proof.  In this case the plaintiff offered the note in evidence, and thereafter it became *prima facie* evidence of any facts recited therein.  It necessarily follows that upon the introduction of the note in evidence it appeared to the court from its face that it was secured by a mortgage.  For this reason the judgment of nonsuit was properly granted.

Judgment and order affirmed.

Van Dyke, J., Harrison, J., McFarland, J., and Beatty, C. J., concurred.

TEMPLE, J., concurring.—I concur.  Considering the phrase "this note is secured by mortgage of even date herewith" as a mere recital, it is still *prima facie* evidence of the fact stated as against the payee, but I think the phrase is something more than a mere recital.  It is a part of the stipulation in the contract.  A clause which substantially changes the nature of the obligation, and which binds the obligor to do something different from what he would be bound to do but for such clause, must be considered a part of the contract as distinguished from a mere recital.  If this be not so, it would be difficult to state what the difference is.

Without this clause the note would be an absolute agreement to pay fourteen hundred dollars. Inserting the clause it ceases to be an agreement to pay fourteen hundred dollars, but is an agreement that a certain special fund shall suffice to pay it, and if after that fund has been so applied there is a deficiency, the obligor will pay such deficiency. (*Biddel v. Brizzolara*, 64 Cal. 354; *Brown v. Willis*, 67 Cal. 235; *Powell v. Patison*, 100 Cal. 236; *McKean v. German-American Bank*, 118 Cal. 326; *Woodward v. Brown*, 119 Cal. 283; *Savings Bank v. Central Market Co.*, 122 Cal. 28.)

The contract sued upon when introduced as evidence showed upon its face that a personal action could not be brought upon it. It may be said that this position is inconsistent with the views expressed upon the former appeal. But the position here taken was not presented to the court on that appeal and was not discussed. I think the court in that case, however, did not intend to overrule a long line of decisions which hold that where an agreement is unambiguous it may be pleaded by setting it out *in haec verba*. (*Stoddard v. Treadwell*, 26 Cal. 294; *Love v. Sierra Nevada Lake Water etc. Co.*, 32 Cal. 649; 91 Am. Dec. 602; *Hallock v. Jaudin*, 34 Cal. 167; *Joseph v. Holt*, 37 Cal. 253; *Murdock v. Brooks*, 38 Cal. 596; *Lambert v. Haskell*, 80 Cal. 613; *Stow v. Schiefferly*, 120 Cal. 609.)

The matter is very fully discussed in *Lambert v. Haskell, supra*. Speaking of the objection in that case the court said: "The objection goes, in effect, to the long existing and well-established practice of pleading by setting forth in full the instrument upon which the action or defense is founded. For there can be no difference between setting forth such instrument in the body of the pleading and making it a part of the pleading by proper reference. In each case the copy is part of the pleading." This, it is said, is the better mode of pleading. But this does not obviate the necessity of alleging the necessary preliminary facts, even though they are recited in the written instrument. "Whatever may be the effect of such recitals as evidence, they cannot serve as allegations of pleading." In that case the necessary preliminary allegations were made and the undertaking sued upon was made an exhibit to the complaint and by reference incorporated into it. "This was a

sufficient showing of the terms of the contract, 'and the condition upon which their liability was to arise.'" The contract sued upon, as contradistinguished from mere recitals contained in it, was part of the pleadings.

This is, I presume, what was intended by the decision referred to, and as I have stated, the point that the clause was a substantial part of the contract sued upon was not suggested. No one, then, claimed that it was so. Had such been the contention I am sure the result would have been different.