[No. 4826.  Decided March 14, 1904.]

WILLIAM A. CLARK *et al., Appellants,* v. CHARLES S. ELTINGE *et al., Respondents.*[1]

COMMUNITY PROPERTY—LIABILITY FOR HUSBAND'S DEBT CONTRACTED IN MONTANA—PLEADING WIFE'S EXEMPTION—PRESUMPTIONS. The presumption that a debt contracted by a husband in Montana is a community debt is not overcome by the wife's pleading a Montana statute providing that the wife's separate property is

[1]Reported in 75 Pac.. 866.

exempt from the husband's debts, under certain conditions, without further setting up the necessary conditions to entitle her to the exemption from the liability.

APPEAL—DECISION—LAW OF THE CASE—HUSBAND AND WIFE—ACTION ON NOTE MADE IN MONTANA—DEFENSES—FORECLOSURE OF MORTGAGE BEFORE RECOVERY ON NOTE. After the appellate court has held on a former appeal that the plaintiff in an action on a promissory note made in Montana need not show that a mortgage securing the same has been foreclosed (the Montana statute providing that there shall be no recovery on the note until after foreclosure), but that such fact and the laws of Montana relating thereto are matters of defense, it becomes the law of the case and it is error to grant a nonsuit for the failure of the plaintiff to prove the foreclosure of the mortgage.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered April 27, 1903, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action upon a promissory note. Reversed.

*B. C. Mosby,* for appellants.

*W. T. Stoll* and *B. B. Adams,* for respondents.

HADLEY, J.—This cause was once before appealed to this court. For the decision upon that appeal, see *Clark v. Eltinge,* 29 Wash. 215, 69 Pac. 736. Reference is hereby made to that opinion for a statement of the case without the necessity of repetition here. The judgment was reversed, and the cause remanded for a new trial.

Upon the return of the cause to the superior court, the defendants filed amended answers in which they pleaded certain laws of Montana, which it is claimed provide that an action shall not be brought in that state upon a promissory note, when the same is secured by mortgage, until the mortgage has been foreclosed and the value of the security applied upon the note. Certain other Montana statutes were also pleaded as defining the property relations of hus-

band and wife in that state, and which it is claimed determine that the wife sued in this action is not liable. The amended answers also allege that the note sued upon is secured by mortgage upon real estate in Silver Bow county, Montana, and that the mortgage has never been foreclosed. The reply admits the allegations as to the Montana laws, and also the allegation as to the execution of the mortgage, but denies the averment that the mortgage has not been foreclosed.

Under the issues, amended as aforesaid, the cause again came on for trial before the court and a jury. The plaintiffs made proof as to the ownership of the note, the balance claimed to be due, and as to the marriage relation of the defendants. The note was then introduced in evidence, and the plaintiffs rested. The defendant Josephine D. Eltinge then moved for an instructed verdict in her favor, on the ground that her liability must be measured by the laws of Montana, and that under those laws, as pleaded in her answer and admitted by the reply, she is not liable. The court sustained the motion. The defendant Charles S. Eltinge thereupon moved for a directed verdict in his favor, on the ground that the evidence was insufficient to justify a verdict against him. This motion was also granted, the cause was taken from the jury, and judgment entered in favor of each defendant that plaintiffs shall take nothing by the action, and that defendants shall recover costs. The plaintiffs have appealed.

It is first assigned that the court erred in sustaining the motion to take the case from the jury as to respondent Josephine D. Eltinge. It is urged by said respondent that, as she did not sign the note, she is not liable under the laws of Montana, the place where the contract was made. In the former opinion in this case we said that Mrs. Eltinge is a proper party for the purpose of having it determined

whether the judgment, should one be obtained, can be executed as a judgment for a community debt, or whether it can be executed only as a judgment for the separate debt of the husband. Under the doctrine established in this state, if the debt is a community obligation, it may be enforced against both the real and personal property of the community, and, if it is the separate debt of the husband, it may be enforced against the community personal property. The wife is, therefore, a proper party, in order that the relations of her property interests to the debt may be determined in the action. She now admits that she is a proper party for that purpose, but urges that, under the Montana law, her property interests can in no event become liable in this action.

It must, however, be presumed from the start that certain of her property interests are liable, for such is the presumption under our community property law. If she would remove that presumption, she must plead and prove a Montana law, or other necessary facts, which show that she is not liable. She has pleaded a Montana statute, and it is admitted as pleaded. In order, however, to remove the presumption of any liability against her, the Montana law must, upon its face and of itself, show want of any liability in the premises, or she must prove the necessary facts which bring her within nonliability. The statute pleaded, being admitted, stands of course as proved. Does it, of itself and without further proof, show that Mrs. Eltinge's property interests are free from liability in this cause? It does disclose that in Montana the system of community ownership of property does not exist, but it, at the same time, shows certain liabilities arising from the existence of the marriage relation. A section of what is alleged to be a part of the Montana Civil Code is pleaded as follows:

"Sec. 227.   The separate property of the wife shall be exempt from all debts and liabilities of the husband, unless for necessary articles procured for the use and benefit of herself and her children under the age of 18 years, but such exemption shall extend only to such property of such wife as shall be mentioned in an inventory thereof, as provided in Secs. 221 and 222.   And in no case shall any of the separate property of the wife be liable for the debts of the husband, unless such property is in the sole and exclusive possession of the husband and then only to such persons as deal with the husband in good faith on the credit of such property, without knowledge or notice that the property belongs to the wife.   But the separate property of the wife is liable for her own debts, contracted before or after marriage."

Sections 221 and 222, referred to in the above quoted section, are also set out in the pleading as follows:

"Sec. 221.   A full and complete inventory of the separate personal property of the wife may be made out and signed by her, acknowledged or proved in the same manner required by law for the acknowledgment or proof of a grant of real property by an unmarried woman, and recorded in the office of the county clerk of the county in which the parties reside."

"Sec. 222.   The filing of an inventory in the clerk's office is notice and prima facie evidence of the title of the wife."

An inspection of the above sections shows that said respondents' pleading sets up laws which recognize her liability for the husband's debt under certain conditions. The evidence shows that the money borrowed upon the note in suit was used to buy a lot and build a house thereon, and that respondents occupied it as their home.   Whether that fact brings this debt within the classification of the husband's liabilities for which the wife's separate property is not exempt, we apprehend must depend upon the construction placed upon the statute by the courts of Montana,

and resort must be had to such construction, as a fact, to determine the force of the statute when applied to the facts here.

It will be observed that section 227, *supra,* provides that the wife's separate property shall not be exempt for the husband's liabilities for necessary articles, procured for the use and benefit of herself and her children. Whether a home shall be classified as such a necessary thing, not being clear by the statute itself, may possibly be made clear by evidence of statutory construction in a similar case in Montana. It will also be observed that, under the statute, the failure of the wife to file an inventory renders her personal property liable for the husband's debts. The presumption with which we started—that a liability of the wife exists in this case—is therefore not removed by the mere pleading and admission of the statute. Proof of the necessary conditions which exempt her from liability under that statute must be made. We think it properly devolves upon the respondent, who seeks to avoid the presumption against her, to make that proof. We therefore believe the court erred in granting the motion to take the case from the jury as to said respondent.

It is next assigned that the court erred in sustaining the challenge to the sufficiency of the evidence as to respondent Charles S. Eltinge, and in withdrawing the case from the jury as to him. The theory of the court seems to have been that, because the complaint contains allegations that the note was secured by mortgage, and that the same had been foreclosed, it therefore devolved upon the plaintiffs to introduce proof that the mortgage had been foreclosed, and the proceeds of the security applied upon the note. The action was a simple one upon a promissory note, it being alleged that a certain amount had been paid, and judgment

is demanded for the balance. Such an action is competent under our law, regardless of the fact that a mortgage may secure the note. The allegations with regard to the mort-gage and its foreclosure are clearly immaterial and sur-plusage. We said in this case before:

"While the complaint contains much immaterial matter, it is plain that the purpose and the sole purpose of the allegations concerning the mortgage is to show the source of certain of the credits given upon the note."

It was further said in that opinion, at page 222:

"The action itself was a simple one. In order to put the respondents upon the defense, it was enough for the appel-lants to allege and prove the making and delivery of the note, their ownership of it, the fact that the respondents were husband and wife, and that the debt was a community debt under the laws of this state. Whether the note had been paid, in whole or in part, or whether there were other legal reasons why the appellants could not recover, were matters of defense, which the respondents must allege and prove in order to avail themselves of them. It did not devolve upon the appellants to negative such defenses in advance of their assertion."

We think the above language makes it clear, as the law of this case, that, when appellants had introduced their evi-dence, the nature of which conforms to the suggestions of this court, they were entitled to go to the jury. It was plainly stated that, when such proof was made, then, if there were other legal reasons why recovery could not be had, they were matters of defense which respondents must allege and prove.

Respondents are making the defense that resort must be had to the law of Montana to determine whether appellants may recover in this action. As a part of the defense, they claim that, under that law, the mortgage must have been foreclosed and the proceeds of the security applied upon

the debt, before this action can be maintained. They allege that this has not been done. It is their duty to prove it, if they wish to avail themselves of it. As we said on the other appeal, they cannot require appellants to negative their defenses in advance of their assertion. The record discloses that, when appellants' counsel learned that it was the court's view that because the complaint alleged foreclosure of the mortgage it became the duty of the appellants to prove that fact, he sought leave of the court to open up the case, and make the proof upon that subject, which he stated was at hand. The request was, however, denied. Granting that the court, in its discretion, might have declined to open up the case, yet we think it had previously erred in holding that appellants should have made further proof before their case could go to the jury. Discussion of authorities seems unnecessary, since the law of the case in the above particular was once declared by this court, and is therefore binding upon all concerned. *Wilkes v. Davies,* 8. Wash. 112, 35 Pac. 611, 23 L. R. A. 103.

For the foregoing reasons, we think the court erred in refusing to grant a new trial. The judgment is reversed, and the cause remanded, with instructions to the lower court to grant a new trial.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.