## UNION BANK & TRUST CO., RESPONDENT, *v.* HIMMEL-BAUER, APPELLANT.

### (No. 4,528.)

(Submitted February 24, 1920.   Decided March 29, 1920.)

[188 Pac. 940.]

*Contracts—Promissory Notes—Chattel Mortgages—Liability of Parties—Appeal and Error—Nonappealable Orders.*

Appeal and Error—Nonappealable Orders.
1. An appeal does not lie from an order denying a motion for judgment on the pleadings.

Contracts—Liability of Party Signing One of Several Contracts in Same Transaction.
2. Where two or more contracts are known to all the parties to be parts of the same transaction and are delivered at the same time to accomplish an agreed purpose, the party not signing one of the writings cannot escape liability by asserting that he was not a party to all the contracts.

Same—Chattel Mortgages—Promissory Notes—Liability of Person Signing Note but not Mortgage.
3. *Held,* under the above rule, that where a husband and wife delivered at the same time a note and a chattel mortgage securing its payment in order to obtain a loan, the wife doing so with full knowledge of and consent to the entire transaction, she was bound by a stipulation in the mortgage granting the mortgagee the option to accelerate payment of the note whenever it was deemed necessary for the security of the loan, though the instrument did not bear her signature.

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ACTION by the Union Bank & Trust Company against Anton and Mabel Himmelbauer. From an order denying a motion to discharge an attachment, the last-named defendant appeals. Affirmed.

*Messrs. Galen & Mettler,* for Appellant, submitted a brief; *Mr. Frank W. Mettler* argued the cause orally.

Is the defendant Mabel Himmelbauer bound by the provisions of a chattel mortgage which she did not sign and to which she was not a party? That a note and a mortgage or other agree-

ment between the same parties, and contemporaneously exe-
cuted, are to be construed together, is well settled. (8 C. J.
196, note 90.) But it is held that the contemporaneous agree-
ment must be between the same parties as the note itself. Thus,
where only one of the makers of a note joins in a mortgage
which provided for an accelerating of the maturity date on de-
fault of payments, it does not control the time of maturity
fixed by the note. (8 C. J. 197, and notes; *Trease* v. *Haggin,*
107 Iowa, 458, 78 N. W. 58.) So far as we have been able to
find, the above is the only reported case which appears to have
had under consideration the identical question here presented.
In the case at bar, Mabel Himmelbauer did not join in the mort-
gage, and therefore the rule does not apply to her; nor did she
in any way consent that the note in suit should become due at
any other time than that expressed on its face. Clearly, as to
her, no other agreement was ever made than that expressed in
the note, and it did not become due as to her until June 17,
1918.

*Messrs. Day & Mapes,* for Respondent, submitted a brief;
*Mr. E. C. Day* argued the cause orally.

The allegations of the complaint are that "the defendants"
made, executed and delivered the promissory note sued on; that
to secure the payment of the note "the defendants" made,
executed and delivered the mortgage. Under this allegation it
is not necessary that the appellant should have signed the mort-
gage. If she, as one of the signers of the note, delivered or
gave to the bank the mortgage as further security for the pay-
ment of the note, she was a party to the "transaction," and the
terms of the mortgage are admissible against her to the same
effect as if she had signed it. (Rev. Codes, sec. 5031.)

This section does not require all of the contracts to be signed
by all of the parties. It is sufficient if all of the contracts are
made as parts of substantially one transaction. The appellant
was a party to the note. By delivering the mortgage as security
for its payment, and availing herself of the benefits of it, she

thereby makes it a part of the "transaction" to which she was a party. Persons standing in the situation of parties or who are chargeable with notice of the contemporary instruments are bound by their terms, the same as the signers thereof. (8 C. J. 196, sec. 327.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

After the former appeal in this case was determined (56 Mont. 82, 181 Pac. 332), issues were made up ·between the parties by the answer of the defendant Mabel Himmelbauer to the amended complaint and plaintiff's reply thereto. The statement of the material allegations of the complaint made in the opinion delivered on that appeal is sufficient for the purposes of this appeal and it need not be repeated here.

Defendant's answer contains seven separate defenses, only one of which, with the plaintiff's reply to it, it is necessary to notice. The answer is the following: " (1) That said note described in paragraph 2 of plaintiff's said complaint was not at the time of the institution of the above-entitled action due either in whole or in part as to this answering defendant; (2) that this answering defendant was not a party to the chattel mortgage referred to in paragraphs 4 and 5 of plaintiff's amended complaint and was not bound by the provisions of the clause quoted in paragraph 5 of said amended complaint under which plaintiff alleges it declared said note due and payable on the seventh day of March, 1918; (3) that plaintiff's suit herein was and is as to this answering defendant prematurely brought, and the same should be abated."

The reply joins issue upon all of these allegations, except that it admits: "That the answering defendant was not a party who signed the chattel mortgage."

Upon the filing of the reply the defendant Mabel Himmelbauer moved the court for judgment on the pleadings. The ground of this motion was that it appeared by the admission in the reply that this defendant had not signed the chattel mort-

gage and was not bound by the stipulation contained in it granting the plaintiff the option to accelerate the payment of the note, and hence the action was prematurely brought against her. This defendant also moved the court to discharge the attachment on the same ground. In aid of this motion, Mr. Mettler, one of her counsel, filed an affidavit to which was attached a copy of the chattel mortgage, stating that he was familiar with the facts in the case, that the copy of the mortgage was a true and correct copy of the mortgage referred to in the pleadings, and that there was no other on file or in existence to which the above-named plaintiff and the defendant were or are parties. The court heard the motions together and denied both of them. This appeal is by defendant Mabel Himmelbauer from the order denying the motion to discharge the attachment.

One assignment is that the court erred in denying the motion [1] for judgment on the pleadings. There is no appeal from such an order. (Rev. Codes, sec. 6567.) The error of the court in this regard, if it committed error, cannot be reviewed on this appeal.

On the former appeal we held that, under the rule declared by section 5031 of the Revised Codes, the note and mortgage must be considered together, and that, so considering them, the defendant was bound by the stipulation in the mortgage permitting the plaintiff to accelerate the payment of the note upon [2] the happening of the conditions stated in the mortgage. Counsel for the defendant now insist that, since it appears by the admission in the reply that the defendant did not sign the mortgage, the district court was clearly in error in denying the motion. They cite the case *Trease* v. *Haggin,* 107 Iowa, 458, 78 N. W. 58, as conclusive of this contention. Their argument is that, as the defendant did not sign the mortgage it was not within the power of her codefendant husband to change her obligation to pay the note at any other date than that fixed by the terms of the note itself. We do not question the propriety of the rule as declared in the case cited. There one of the joint makers of two promissory notes had executed a mortgage to the

payee to secure the payment of the notes which contained a stipulation that, if the makers should default in the payment of the principal sums or interest thereon, both of the notes should thereupon become due, and the payee, his heirs or assigns, might proceed to foreclosure.   The court held, in effect, that the obligation of one of the joint makers who had not signed the mortgage nor in any way consented to the acceleration of the payment of the notes as provided in the mortgage was to be determined by the terms of the notes themselves; in other words, where two or more contracts related to the same subject matter and were executed at the same time, they could not be considered together as one contract unless they were executed between the same parties.   This is the general rule, but it is subject to exceptions, as, for illustration, where two or more contracts are parts of the same transaction, are known to all the parties, and are delivered at the same time to accomplish an agreed purpose. Under such circumstances the party not signing one of the contracts may not escape liability by asserting that he was not a party to all the writings.   (*Gammon* v. *Freeman*, 31 Me. 243; *Rogers* v. *Kneeland*, 10 Wend. (N. Y.) 219; *Logan* v. *Tibbott*, 4 G. Greene (Iowa), 389; *MacDonald* v. *Wolff*, 40 Mo. App. 302; 9 Cyc. 581.)

The defendant denies that she signed the mortgage.   This is [3] admitted by the plaintiff; but this is not an admission that she was not present and did not join in the delivery of the mortgage in order to obtain the loan from the plaintiff with full knowledge of and consent to the entire transaction.   If these were the circumstances surrounding the transaction, the defendant may not be permitted to say that she did not become bound by the stipulation in the mortgage.   Her obligation is therefore to be determined by a consideration of all the surrounding circumstances, including the benefit, actual or implied, received by her, and not of the fact alone that she did not join in the execution of the mortgage.   It may be that the allegations in the complaint are not sufficiently specific to admit proof of the circumstances, but with the inquiry in this regard we are not now

concerned. As we said in disposing of the former appeal, our "inquiry as to the sufficiency of the complaint may not go further than to ascertain whether the action is upon a contract, express or implied, for the direct payment of money; whether it states facts sufficient to constitute a cause of action against the defendants; and, if it does not, whether it can be amended so as to state a cause of action." If the allegations in the complaint are not sufficiently specific and broad enough to admit proof of the circumstances surrounding the transaction, it is nevertheless amendable, and this brings it within the rule announced on the former appeal.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY, MATTHEWS and COOPER concur.

