UNION BANK & TRUST CO., RESPONDENT, *v.* HIMMEL-BAUER, APPELLANT.

(No. 5,228.)

(Submitted May 31, 1923.  Decided June 25, 1923.)

[216 Pac. 791.]

*Promissory Notes—Mortgages With Acceleration Clause of Due Date of Note—Comaker not Signing Mortgage—Premature Action on Note—Complaint—Insufficiency.*

Promissory Notes—Acceleration of Due Date Under Mortgage not Signed by Comaker—Premature Action.
1. A husband and wife gave a bank their promissory note, and thereafter the husband, without the knowledge or consent of the wife, executed a chattel mortgage to secure it. Under the terms of the mortgage unsigned by the wife, the bank could upon the happening of certain conditions accelerate the due date of the

note. This it did and after sale of the property brought suit against the makers for the deficiency. *Held*, that in the absence of an allegation that the wife was bound by the acceleration clause though she did not sign the mortgage because the giving of the note and the execution of the mortgage constituted one transaction the purpose of which she knew and consented to, the action was premature as to her.

Pleading—Complaint—Essential Allegations.

2. All elements essential to make out a cause of action must be alleged in the complaint.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by the Union Bank & Trust Company against Antone and Mabel Himmelbauer. Judgment for plaintiff, and the last-named defendant appeals. Reversed and remanded.

*Mr. F. W. Mettler,* for Appellant, submitted a brief, and argued the cause orally.

As a rule, several contracts executed at the same time and relating to the same subject matter cannot be construed together as one contract unless they are between the same parties. (13 C. J., Contracts, sec. 487, p. 530.) Where only one of two makers of a note joins in a mortgage which provided for the acceleration of the maturity date on default of payments, such mortgage does not control the time of maturity fixed by the note. (8 C. J., Bills and Notes, sec. 327, note 96, citing: *Trease* v. *Haggin,* 107 Iowa, 458, 78 N. W. 58.)

*Messrs. Day & Mapes,* for Respondent, submitted a brief; *Mr. E. C. Day* argued the cause orally.

HONORABLE A. C. SPENCER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

Sufficient statement of the issues as defined by the pleadings is contained in the two former opinions of this court and need not be repeated here. (*Union Bank & Tr. Co.* v. *Himmelbauer,* 56 Mont. 82, 181 Pac. 332; *Id.,* 57 Mont. 438, 188 Pac.

940.)   This appeal is from a judgment in favor of plaintiff and against defendant Mabel Himmelbauer.

The facts essential to a determination of the question here [1] involved may be condensed to the following: May 17, 1917, Antone and Mabel Himmelbauer executed their promissory note to plaintiff in the sum of $9,600, due six months after date. The same day, without the knowledge or consent of Mabel Himmelbauer, Antone Himmelbauer executed and delivered to plaintiff a chattel mortgage to secure payment of the note. Prior to maturity of the debt plaintiff declared the obligation due and payable, took possession of and sold the property described in the mortgage, and credited the proceeds upon the note, all in accordance with the provisions of the mortgage. An insufficient amount was obtained from the sale to satisfy the note and plaintiff brought its action to recover the unpaid balance. Defendant Mabel Himmelbauer alone answered the complaint, setting up seven separate defenses, the only one of which necessary to a determination of this appeal being her denial of any liability under the terms of the mortgage, because as she alleged she was not a party to and had not signed the same, and that the note was not due at the time the suit was commenced. The reply admitted that she did not sign the mortgage. Confessedly, according to the pleadings, the action was commenced before the maturity of the note, unless the due date were accelerated by the terms of a mortgage binding upon Mabel Himmelbauer.

The complaint alleges a cause of action against the defendants as makers of both the note and mortgage, but plaintiff's reply, admitting the allegations of the answer that Mabel Himmelbauer did not sign the mortgage, left but one theory open to plaintiff upon which it could prevail if at all, *viz.*, that even though she did not sign the mortgage she was nevertheless bound by its terms by reason of its being a part of the one transaction between the plaintiff bank, herself, and husband, the purpose and the details of which she knew and consented to. There is not any allegation in the complaint or

reply as a basis for this theory, nor is there any evidence sufficient to sustain it.

It is elementary in pleading that all elements essential to [2] make out a cause of action must be alleged. (*Chealey* v. *Purdy,* 54 Mont. 489, 171 Pac. 926; sec. 9129, Rev. Codes 1921). Plaintiff's admission of the allegation of the answer that Mabel Himmelbauer did not sign the mortgage, and its failure to allege any other facts by reason of which the due date of the note became accelerated, disclose that it was without right to maintain the action against her at the time it was commenced, and under the pleadings it was not entitled to offer proof of the circumstances surrounding the execution of the mortgage.

The evidence of plaintiff not only fails to disclose that Mabel Himmelbauer had any knowledge of the mortgage in question or any of the facts and circumstances surrounding its execution, but it affirmatively appears from the uncontradicted testimony of the defendant that she had no knowledge of, gave no consent to, nor was present at the delivery of, the chattel mortgage at the time of its execution.

Under the only theory available to the plaintiff it not only commenced its action prematurely, but the proof is insufficient to sustain the judgment.

The judgment is reversed and the caused remanded to the district court, with directions to enter judgment dismissing the complaint and for defendant's costs.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

Rehearing denied July 16, 1923.