VANDE VEEGAETE, RESPONDENT, v. VANDE VEEGAETE, APPELLANT.

(No. 5,795.)

(Submitted November 24, 1925. Decided December 9, 1925.)

[243 Pac. 1082.]

*Promissory Notes—Mortgages—Pleading—Evidence Admissible —Witness Testifying Falsely—Credibility—Erroneous Instruction.*

Appeal and Error—Motion to Strike—Failure of Record to Show Disposition of Motion—Alleged Error not Reviewable.
    1. An assignment based on the alleged erroneous refusal of the trial court to strike a paragraph of the complaint will not be considered on appeal where the record simply shows a notice of intention to move to strike, but not that the motion was ever presented to or ruled upon by the court.

Contracts—Mortgage and Promissory Note to be Taken Together.
    2. Under section 7533, Revised Codes of 1921, providing that several contracts relating to the same matter, between the same parties, and made as parts of substantially one transaction, must be taken together, stipulations embodied in a mortgage become a part of the note securing which it is given even though the note contains no mention of the mortgage.

Promissory Note Secured by Mortgage—Pleading—Evidence Admissible.
    3. Without passing upon the propriety of plaintiff pleading in his complaint a mortgage given to secure the note upon which he sues, *held,* that where plaintiff did plead it, as well as the fact that defendant had disposed of the chattels upon which it was given, and defendant joined issue thereon, he was properly permitted to introduce testimony in his case in chief that the mortgage had become valueless without any fault on his part.

Witnesses—False Testimony—Credibility of Witness—Erroneous Instruction.
    4. An instruction that where a witness has willfully testified falsely as to a material matter in the case, the jury may disregard any and all of his testimony, *except in so far as it was corroborated by other credible evidence,* held erroneous, the statute (sec. 10672, Rev. Codes 1921) going no further than to provide that the jury may look with distrust upon the testimony of any witness found to have so testified, making no exception in favor of one who has been corroborated.

[1] Appeal and Error, 4 C. J., sec. 2303, p. 524, n. 97.
[2] Bills and Notes, 8 C. J., sec. 1134, p. 865, n. 79. Chattel Mortgages, 11 C. J., sec. 155, p. 493, n. 33. Contracts, 13 C. J., sec. 487, p. 528, n. 50.
[3] Appeal and Error, 4 C. J., sec. 3013, p. 1031, n. 31. Bills and Notes, 8 C. J., sec. 1134, p. 865, n. 79. Trial, 38 Cyc., p. 173, n. 13.
[4] Bills and Notes, 8 C. J., sec. 1251, p. 960, n. 88 New.

2. Construction together of bill or note and contemporaneous written instrument intended to control, see notes in 5 Ann. Cas. 149; 21 Ann. Cas. 1162; Ann. Cas. 1914A, 318. See, also, 3 R. C. L. 870.

*Appeal from District Court, Yellowstone County; O. F. God-dard, Judge.*

ACTION by Mary Vande Veegaete against H. Vande Veegaete. From a judgment for the plaintiff, the defendant appeals. Reversed and remanded.

*Mr. M. J. Lamb,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. James R. Goss* and *Mr. George W. Pierson,* for Respondent, submitted a brief; *Mr. Pierson* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant has appealed from a judgment rendered against him and in favor of the plaintiff. Plaintiff's complaint alleged: (1) That on November 13, 1922, defendant made and delivered to plaintiff his certain promissory note, a copy of which is set out, and which copy shows that the note was payable on or before March 1, 1923, for the sum of $800, with interest at the rate of four per cent per annum, and with the usual provision for attorney's fees, and it does not appear therefrom that payment thereof was secured; (2) that the defendant has not paid the note nor any part thereof; and (3) that the plaintiff is the owner and holder of the note. Paragraph 5 of the complaint then alleged that, at the time of the delivery of the note, defendant executed and delivered to plaintiff a certain chattel mortgage as security for the payment of the note, and by paragraph 6 it was alleged that, without the knowledge or consent of plaintiff, defendant sold and disposed of all the property mentioned in the chattel mortgage.

On September 26, 1924, defendant filed and served upon plaintiff notice that on the first day of October, 1924, he would move the court to strike paragraphs 5 and 6 from the

complaint, on the ground that the allegations thereof were "irrelevant, redundant, and surplusage." Thereafter defendant answered, admitting the execution and delivery of the note, "which by its terms was made payable to" plaintiff, and denying all other allegations of the complaint. Defendant then set up two special defenses: (1) That the note was given without consideration; and (2) that plaintiff's husband, Alphonse Vande Veegaete, was in fact the owner of the note, which was made payable to Mary Vande Veegaete at the request of her said husband and to protect him from other creditors; that three Vande Veegaete brothers had for years been engaged in a joint venture, and that, as a result of their operations, the said Alphonse Vande Veegaete had become indebted to defendant in a sum in excess of the amount due on the note, but that this fact was not ascertained by defendant until after the making and delivery of the note, and that, had be known the condition of their account in March, 1922, he would not have given the note. These affirmative allegations of the answer were denied by reply thereto.

Over defendant's objection, the plaintiff was permitted, in her case in chief, to introduce evidence in support of the allegations of her complaint respecting the mortgage.

The plaintiff was not present at the time of the execution and delivery of the note and mortgage, but, according to her contention, was there represented by her husband, Alphonse Vande Veegaete, who testified that such was the fact and that such fact was then known to defendant; whereas the defendant testified that the transaction was with the husband personally and that, at the request of Alphonse, the note and mortgage were drawn in the name of plaintiff to protect him from his creditors. The defendant further testified in substantiation of the allegations of his special defenses, which testimony was contradicted by Alphonse Vande Veegaete, and, in part, by other witnesses for plaintiff.

The testimony of the two principal opposing witnesses—the defendant and Alphonse Vande Veegaete—was sharply con-

flicting in every material particular; so much so, in fact, that the jury could but find that one or the other had deliberately testified falsely. While the testimony of Alphonse Vande Veegaete was corroborated in many particulars, principally by the plaintiff, his wife, that of the defendant was practically uncorroborated.

The jury returned a verdict in favor of plaintiff, and judgment was entered thereon.

Defendant specifies error on the rulings of the court in (1) [1] refusing to strike paragraphs 5 and 6 of the complaint; (2) admitting evidence in support of those allegations as a part of plaintiff's case in chief; and (3) in refusing to give defendant's offered instruction No. 3, and in giving in lieu thereof the court's instruction No. 8.

1. The record contains the notice of intention to move to strike heretofore referred to and nothing more. It does not appear from the record that any motion was ever presented to or ruled upon by the court; from all that appears in the record, defendant's intention to move to strike was abandoned. "This matter, therefore, is not before us for review." (*Hefferlin* v. *Karlman,* 30 Mont. 348, 76 Pac. 757.)

2. Counsel for defendant has argued his assignments num- [2, 3]  bered 1 and 2 jointly; he contends that the allegations of paragraphs 5 and 6 should have been stricken as surplusage, and that the evidence introduced in their support was "incompetent, irrelevant, and immaterial," and in support of his contentions cites 8 Corpus Juris, 865; *Brophy* v. *Downey,* 26 Mont. 252, 67 Pac. 312; *State Savings Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692; *Bank* v. *Blackburn,* 2 Cal. App. 146, 83 Pac. 262; *Clark* v. *Eltinge,* 34 Wash. 323, 75 Pac. 866—all to the effect that, under the circumstances of the particular case, it was not necessary to so plead or to introduce evidence, except in rebuttal.

The text of the Corpus Juris citation is but the statement of a general rule which prevails in the absence of statutory provisions to the contrary.

In the case of *Brophy* v. *Downey,* the plaintiff sued on a promissory note which did not disclose upon its face that it was secured by mortgage; the defendants answered setting up the fact that it was so secured; the plaintiff did not reply. On the trial plaintiff proved the allegations of his complaint, but on cross-examination admitted that the note was originally secured by mortgage, and was then not permitted to show that the security had, without fault of the plaintiff, become valueless, whereupon judgment of nonsuit was entered against him. The question before the court on appeal was as to whether this latter proof was admissible in the absence of a reply. The court held that no obligation rested upon the plaintiff to state whether or not there was a mortgage; that the allegation thereof in the answer was an affirmative defense and not a counterclaim; and that consequently no reply was required; that the defendants should have proved this new matter in making out their case and not by cross-examination; and that the plaintiff should have been permitted to prove, if he could, that the security had so become valueless, declaring that such evidence was "both relevant and material."

For reasons hereinafter stated, neither the case of *State Savings Bank* v. *Albertson* nor *Clark* v. *Eltinge* has any application to the question before us. In the California case the court merely held that, in a suit on a promissory note, it was not necessary for the plaintiff to allege the execution of a mortgage and its extinction by agreement of the parties, stating: "The facts referred to constituted no part of the plaintiff's cause of action, and come clearly within the definition of 'new matter.' * * * And, were it otherwise, the error would be immaterial."

In this state "there is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter" (sec. 9467, Rev. Codes 1921); and "several contracts relating to the

same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together'' (sec. 7533, Rev. Codes 1921). Under these provisions, the stipulations embodied in the mortgage become a part of the note as though the two instruments were united in one, even though the note contains no mention of the mortgage. (*Union Bank & Trust Co.* v. *Himmelbauer,* 56 Mont. 82, 181 Pac. 332; *Id.,* 57 Mont. 438, 188 Pac. 940; *Id.,* 68 Mont. 42, 216 Pac. 791.)

In the case of *Clark* v. *Eltinge,* above, the supreme court of Washington held that allegations such as are found in plaintiff's paragraphs 5 and 6 were surplusage and might be entirely disregarded; but in that state they have no provision such as is found in our section 9467, above; on the contrary, their statute provides that: A ''mortgagee or holder of the lien may proceed upon his mortgage or lien, or if there be a separate obligation in writing to pay the same, secured by said mortgage or lien, he may bring suit upon such separate promise.'' (Sec. 1114, Rem. Comp. Stat. 1922.) This section is held to give the holder of a note and mortgage, or lien securing the same, an election of remedies (*Frank* v. *Pickle,* 2 Wash. Ter. 55, 3 Pac. 584) and is akin to our section 8233, Revised Codes of 1921, which applies only to liens other than mortgages; while section 9467, above, is controlling only in cases where the note is secured by mortgage (*State Savings Bank* v. *Albertson,* above).    In the *Albertson Case* it was held that, as the answer alleged the existence of a ''lien'' and not a mortgage, the case did not come under the provisions of section 9467.

It seems clear from the statutory provisions quoted, and from the authorities, that in this state, while, if no mention of the mortgage is contained in the note, it is not necessary to allege the fact that a mortgage was given and then avoid its effect, and, further, that, if the existence of the mortgage is not set up as a defense, the plaintiff may secure judgment as though no mortgage had ever been given, such

procedure is possible only by reason of the forbearance of the defendant, for if the defendant sees fit to plead the fact that a mortgage was given to secure the payment of the note, such pleading constitutes a complete bar to the plaintiff's action, unless the plaintiff can thereafter show that the security, through no fault of his, has become valueless.

The cases cited, with the exception of the Washington case, which we have shown has no application, go no further than to hold that it is not necessary to plead the mortgage; the question of the propriety of pleading as did the plaintiff is not before us and is expressly reserved.

The plaintiff by pleading as she did but anticipated a valid defense to her action on the note and brought her suit within the provisions of section 9467, which is declared to be the only action maintainable for the recovery of her debt; the defendant, by answer, joined issue thereon, so that, at the commencement of the trial, it clearly appeared that the note was originally secured by a chattel mortgage.

A like situation arose in California, in the case of *Hibernia Sav. etc. Soc.* v. *Thornton,* 127 Cal. 575, 60 Pac. 37. There the plaintiff commenced an action as on an unsecured note, and in its complaint set up its note *in haec verba,* in which appeared the recital: "This note is secured by mortgage of even date herewith." On the trial the plaintiff proved its note and nonpayment and rested; whereupon, on motion of defendant, a judgment of nonsuit was entered. The court, in sustaining the judgment, held in effect that the plaintiff had pleaded that the note was secured by mortgage, that the recital was *prima facie* evidence of the fact, and that therefore, under statutory provisions similar to ours, an action would not lie on the note alone.

In the case at bar, having pleaded the fact that the note was secured by mortgage, the plaintiff was in the same position, and could not safely rest her case without first proving that the security had, through no fault on her part, become valueless. The testimony objected to was, therefore, under the

pleadings in this case, both relevant and material, and its admission did not constitute error.

3. Defendant's offered instruction No. 3 follows the language of section 10672, Revised Codes of 1921, and reads as follows: "You are instructed that a witness, false in part of his testimony, is to be distrusted in others." Plaintiff's counsel objected to the giving of this instruction, for the reason that it did not contain the element of willfulness, and omitted the phrase, "except in so far as it is corroborated by other credible witnesses who have testified in the case." The objection to the offered instruction, that it did not contain the element of willfulness, is justified by the declaration of this court in *State* v. *Penna*, 35 Mont. 535, 90 Pac. 787. The court refused the instruction offered, and stated that the following instruction would be given as the court's instruction No. 8: "You are instructed that you are the sole judges of the credibility of the witnesses who have testified in this case and the weight to be given to their testimony. If you believe that any witness who has testified in this case has willfully and intentionally testified falsely as to any material matter in the case, the jury has the right to disregard any or all of the testimony of such witness, except in so far as it is corroborated by other credible evidence."

Defendant's counsel objected to the giving of such instruction, pointing out specifically wherein it was erroneous, and calling the court's attention to the case of *State* v. *Belland*, 59 Mont. 540, 197 Pac. 841, wherein Mr. Justice Holloway, speaking for the court, said, of an instruction embodying the latter portion of that just quoted: "It is essentially erroneous, and a like instruction has been condemned by this court so often that it seems inconceivable that the error could be repeated at this late day." He cited four cases in which this court had theretofore declared the instruction erroneous. Yet, in spite of the fact that the presiding judge had this case before him, the objection was overruled, and the court fell into the same error, even "at this late day."

Counsel for plaintiff contends that the civil case of *Cameron* v. *Wentworth,* 23 Mont. 70, 57 Pac. 648, containing an instruction similar to that found in *State* v. *De Wolfe,* 29 Mont. 415, 74 Pac. 1084, was not overruled by the decision in *State* v. *Penna,* above, in which latter case the rule in the *De Wolfe Case* was expressly overruled. The provisions of section 10672 apply with equal force to civil and criminal cases, and, while the *Cameron Case* was not expressly overruled by the *Penna Case,* the rule announced was said to be "technically wrong" and was thus tacitly overruled.

Whereas the statute merely authorizes the jurors to look with distrust upon the testimony of any witness whom they have found testified falsely as to any material matter, this erroneous instruction advised them that, in the case of a witness who is uncorroborated and is shown to have willfully and intentionally testified falsely as to any one material matter, they had the right to disregard all of his testimony, whereas, although another witness may also have testified falsely as to a material matter, if corroborated by other credible evidence, they might regard and consider his testimony as though he had not falsified.

As the defendant was not corroborated by other witnesses. and Alphonse Vande Veegaete was corroborated in many particulars, if it was found that either or both had testified falsely as to any material matter, the instruction became a two-edged sword against the defendant.

Although in the first part of the instruction the court advised the jurors that they were the sole judges of the credibility of the witnesses who testified and of the weight to be given to their testimony, we cannot say, in the light of the circumstances of this case, that, as in the *Penna Case,* the jurors "doubtless * * * understood this to be so, notwithstanding the unauthorized restriction contained in the latter part of the instruction" (*State* v. *Penna,* above), but are constrained to hold that the giving of this instruction,

which has been so often condemned by this court, was prejudicial error.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.