MR. JUSTICE MORRISON,
dissenting:
*54 I respectfully dissent from the majority opinion.
At the outset it must be made clear that the plaintiff here, Hilda M. Peterson, did not file a motion seeking relief under Rule 60(b) M.R.Civ.P., in the case of George J. Stublar v. Hilda M. Peterson, District Court of the Eighteenth Judicial District of the State of Montana in and for the County of Gallatin, cause No. 27580. In that case Stublar obtained a judgment against Peterson for $26,000 together with accrued interest in the amount of $2,919.48 plus 12% interest on the sum of $28,919.48 from January 22, 1980, to date, together with costs of $22.80 and attorneys fees in the sum of $3500. The findings of fact, conclusions of law, and judgment of the court were contained in one document and were mailed to Peterson’s counsel. Counsel’s deposition, part of the record in that case, showed that the document was received by counsel. Thereafter, the judgment became final for purposes of satisfaction. No appeal was taken. No supersedeas was filed. Therefore, the sheriff’s sale which followed could be held.
An execution was issued which incorrectly identified the date of judgment as 24th day of July, 1981. This was simply a clerical mistake. The judgment referred to above, entered by Judge Gary on November 20, 1981, was clearly the judgment upon which the execution, dated November 23, 1981, was issued. Thereafter, the appropriate notice of sheriff’s sale was posted. The personal property, in the form of the contract of sale of real estate dated October 14, 1976, between Peterson and McMillan, was sold to McMillan for the sum of $39,000. A return of sale was made by the deputy sheriff dated December 2, 1981, one day following the sale on December 1, 1981. No relief from these proceedings was instituted in cause No. 27580.
Hilda M. Peterson instituted a declaratory judgment , action in the Eighteenth Judicial District of the State of Montana, in and for the County of Gallatin, District Court cause No. DV-82-132 making a collateral attack upon the judgment entered in cause No. 27580. This collateral attack *55 was premised upon the idea that Peterson could not waive her right to insist upon foreclosure. This of course is not the law. Peterson could have set forth as a matter of defense, the “single action” statute and by failing to do so cannot be heard to complain. VandeVeegaete v. VandeVeegaete, 243 P. 1083, 75 Mont. 52; State Savings Bank v. Albertson, 39 Mont. 414, 102 P. 692.
This is not a case where relief from a judgment can be accorded on the basis of fraud on the court or lack of jurisdiction over the person or subject matter. Peterson was before the court in cause No. 27580, Stublar v. Peterson, represented by counsel. Counsel advised the court there was no defense and therefore the court entered judgment. Judgment was served upon Peterson’s counsel. The judgment was final. No appeal was taken from the judgment. No motion for Rule 60(b) relief was filed in that case.
The majority raises the issue of lack of finality apparently relying upon authority that failure to serve notice of entry of judgment stays the time for filing a notice of appeal. However, that issue is not before this Court. The issue here is whether the sale which followed the entry of a judgment was a valid sale and whether the sale can, in any event, be attacked in this proceeding.
The majority opinion seems to turn upon the idea that an independent action can attack technical defects in an execution sale on the basis of language quoted from Rule 60(b) which states, in relevant part:
“. . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.”
First, it should be noted that this language does not grant any rights to the court in an independent action. The language simply states nothing in the rule shall limit the power of a court to entertain an independent action.
*56 An independent action clearly can attack a “proceeding” where the law required that an aggrieved party be notified of the “proceeding” and was not or where there was a fraud on the court.
This is not a case for an independent action as indicated in the majority opinion because (1) the law did not require that Peterson be personally notified of the sale which was an in rem proceeding and (2) there was no fraud. Worse yet this new law was made without benefit of briefs or argument as the Court raised the issue.
This action is, pure and simple, a collateral attack upon a judgment in another case. There is absolutely no basis for the relief granted by the majority. This is simply another indication of this Court ignoring the law to achieve what the Court members conscientiously believe to be an equitable result. There is great risk in taking this action because there is no opportunity for counsel to brief and argue the Court-invented theory granting relief. Again, I find the majority acting as “philosopher kings” at great risk to our system of justice.